BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: DIISOCYANTES ANTITRUST LITIGATION | ) ) | MDL Docket No. 2862 |

PLAINTIFF NCP COATINGS' RESPONSE IN OPPOSITION
TO PLAINTIFF UTAH FOAM PRODUCTS'
MOTION FOR TRANSFER UNDER 28 U.S.C. § 1407

NCP Coatings, Inc. (NCP), plaintiff in related action *NCP Coatings, Inc. v. BASF SE, et al.*, Case No. 18-cv-13617-WHW-CLW (D.N.J.), agrees that transfer and consolidation under 28 U.S.C. § 1407 is appropriate, but respectfully submits that the District of New Jersey is the most appropriate venue for transfer. Alternatively, NCP requests that the Panel transfer all related actions against defendants to the District of Kansas.

## BACKGROUND

This litigation arose after a Department of Justice (DOJ) investigation into alleged anticompetitive conduct by Defendants. Defendants are manufacturers of isocyanates, including the chemicals MDI and TDI. These chemicals are used to produce polyurethane products. Plaintiffs in the related actions seeking transfer and consolidation all allege that beginning as early as 2015 and continuing until at least February 2018, Defendants agreed to fix the prices of Isocyanates, including by limiting supply through planned shutdowns of their manufacturing plants. Defendants' conspiracy unlawfully increased the prices of Isocyanates, damaging Plaintiffs and the putative Class Members.

1

**ARGUMENT**

**I.     Transfer and Consolidation Should Be Granted.**

There are now at least 7 civil actions currently pending in 6 different judicial districts that all allege Defendants unlawfully conspired to raise and fix the price of MDI and TDI. The number of cases has grown and is likely to continue to grow, as is the number of judicial districts in which these cases are filed. Neither coordination across a growing number of judicial districts nor transfer by another procedural vehicle is likely to achieve the economies to the court system and the parties that can be achieved by consolidation and transfer under 28 U.S.C. § 1407(a). Transfer and consolidation would eliminate duplication in discovery and discovery rulings, avoid conflicting rulings on the merits, avoid conflicting schedules, reduce litigation costs, and save time and effort of the parties, the attorneys, the witnesses, and the courts. *See Manual for Complex Litigation,* § 20.131 (4th ed. 2016). Numerous other cases involving antitrust allegations have warranted MDL treatment on many prior occasions. *See* Multidistrict Litigation Manual, § 5:14 at n. 6 (2016) (cataloguing the numerous antitrust cases transferred by the panel). The same reasons underlying those transfers justify MDL treatment here.

Consolidation is necessary to prevent inconsistent rulings on many central issues, which would present significant problems due to the substantial consistency in factual and legal allegations among all actions. NCP submits that the motion for consolidation and transfer (Doc. #1) makes a compelling case to invoke § 1407(a).

## II.   The District of New Jersey Is the Most Appropriate Transferee Forum.

### A.  New Jersey Is Where the Most Defendants and Documents Are

New Jersey is a natural epicenter for this litigation and the most logical venue for consolidation because two of the largest Defendants in this litigation have their North American headquarters in New Jersey, specifically BASF Corporation and Bayer Corporation. A third defendant, Mitsui Chemicals, has its North American headquarters in Rye Brook, New York, roughly one hour from Newark, New Jersey. No other venue has a comparable connection to corporate headquarters of multiple defendants where witnesses and documents are likely to be located.

New Jersey is also a convenient forum because it is conveniently located close to three international airports. Newark Liberty International Airport is conveniently located just 3 miles and roughly 5 minutes from the District of New Jersey's Newark courthouse. The Newark courthouse is a little over an hour from La Guardia Airport and JFK International Airport. Having a centrally-located travel hub is an important consideration.

Lastly, in addition to having their North American headquarters in New Jersey, both Bayer and BASF are German companies, and as such, the combination of the Newark and New York international airports provide the most international connections between Germany and the United States.

As the most convenient travel forum, and the closest nexus of witnesses and documents, New Jersey is the most convenient transferee forum.

**B. The District of New Jersey Is a Proven Venue for Multidistrict Litigation**

The District of New Jersey has presided over numerous MDLs with experienced judges. There are currently two pending civil actions in this litigation filed in the District of New Jersey, both assigned to Judge William H. Walls, and both cases seek the District of New Jersey as the transferee forum as their first choice. As noted by Plaintiff C.U.E., *see* Doc. 38 at 4, the District of New Jersey efficiently manages its docket, and has more judges available than the Western District of Pennsylvania. *See id.* at 4–5 (citing statistics demonstrating the District of New Jersey's efficiency over other potential transferee districts).

Judge Walls is also well-positioned to preside over this litigation based on his experience and docket capacity. Judge Walls is an experienced antitrust MDL jurist but has no pending MDL before him. He has been on the bench for nearly 40 years – 24 years at the federal level and over 18 years in New Jersey state court. Judge Walls has extensive MDL and antitrust experience and presided over the following relevant cases, to name just a few:

- *In re The Prudential Ins. Co. of America Sales Practices Litig.*, MDL No. 1061
- *In re: Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, Case No. 12-cv-5120;
- *In re: Lamictal Direct Purchaser Antitrust Litg.*, Case No. 12-cv-0995; *In re Bulk [Extruded] Graphite Product Antitrust Litig.*, Case NO. 02-cv-06030;
- *In re Mercedes-Benz Antitrust Litig.*, Case No. 99-cv-4311

Alternatively, the District of New Jersey has multiple other excellent judges who would be able to preside over the consolidated litigation. For example – and as pointed out by Plaintiff C.U.E. (*see* Doc. 38 at 10) – Judge Martini has recently concluded a jury trial involving consolidated cases from the previous urethane antitrust litigation, which were remanded to Judge Martini after the pre-trial MDL proceedings. *See Carpenter Co. v. BASF SE et al*, Case No. 08-cv-05169. As noted below regarding Judge Lungstrum from the District of Kansas, there are inherent economies of scale to be achieved by having a jurist and court who are familiar with the subject matter handle this litigation.

### III. Alternatively, the District of Kansas is the Second Most Appropriate Transferee Forum.

This litigation involves common claims and defendants with *In re Urethane Antitrust Litig.*, Case No. 04-md-01616 (D. Kan). That MDL was formed in 2004 and transferred to Judge John Lungstrum. That MDL spanned well over a decade, involved multiple motions to dismiss, class certification motions, appeals to the Tenth Circuit, numerous discovery disputes, and a lengthy jury trial. That MDL also involved complicated scheduling and case management issues similar to issues that will undoubtedly arise here. Because of this extensive experience in a similar MDL, the District of Kansas, and particularly Judge Lungstrum, is well-positioned to manage this case. In particular, the District of Kansas is well-positioned to achieve economies of scale: the court will not need to reinvent the wheel, especially regarding similar discovery disputes and scheduling issues that will inevitably arise, and may rely on its previous rulings to efficiently manage these issues.

Clearly, the District of Kansas and Judge Lungstrum in particular, have shown themselves adept at handling complex MDL's, including a previous MDL with substantially similar allegations and many of the same Defendants. Thus, NCP respectfully submits that the District of Kansas is the second-best option for the transferee forum.

## CONCLUSION

Together, these factors support transfer and consolidation to the District of New Jersey. Alternatively, these factors support transfer and consolidation to the District of Kansas.

Dated: September 10, 2018               Respectfully submitted,

/s/ *Richard M. Paul III*_____
Richard M. Paul III
Ashlea G. Schwarz
Sean R. Cooper
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Phone: 816-984-8100
Rick@PaulLLP.com
Ashlea@PaulLLP.com
Sean@PaulLLP.com